UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

United States of America,

        Plaintiff,

v.

Mikhail Robin Wicker,

        Defendant.

Case No. 24-cr-90 (JMB/LIB)

**REPORT AND RECOMMENDATION**

---

Pursuant to a general assignment made in accordance with 28 U.S.C. § 636, this matter comes before the undersigned United States Magistrate Judge upon Defendant's pretrial Motion to Dismiss. The Court held a hearing regarding the present Motion on August 12, 2025. (Amended Minutes [Docket No. 83]) At the conclusion of that Motions Hearing, the Court took Defendant's Motion under advisement.

For the reasons discussed herein, the Court recommends that Defendant's Motion to Dismiss, [Docket No. 72], be **DENIED**.

**I.    Background**

The present case arises out of the Government's allegation that Defendant fraudulently applied for and received benefits from the Department of Veterans Affairs by falsely holding himself out as a highly decorated veteran of the United States Marine Corps. (See Superseding Indictment [Docket No. 55]). The Government further alleges that even after the Department of Veterans Affairs terminated Plaintiff's benefits, Defendant continued his alleged scheme in an effort to reobtain benefits.

Defendant is charged in Count 1 of the Superseding Indictment with one count of Wire Fraud in violation of 18 U.S.C. § 1343. (Superseding Indictment [Docket No. 55]). Count 1

alleges that Defendant "knowingly devised and intended to devise a scheme and artifice to defraud, and for obtaining money and property by materially false and fraudulent pretense, representations, and promises." (Id.). Count 1 further alleges that Defendant, "for the purpose of executing the aforementioned scheme and artifice, and attempting to so," "did knowingly transmit and cause to be transmitted through interstate commerce the following by means of wire communication, writing, signs, and signals, to wit: a Facebook message to a veteran requesting a letter in support of [Defendant's] continued efforts to obtain VA benefits following the Termination of Benefits, all in violation of Title 18, United States Code, Section 1343." (Superseding Indictment [Docket No. 55]).

Count 2 of the Superseding Indictment charges Defendant with one count of Mail Fraud in violation of 18 U.S.C. § 1341. (Superseding Indictment [Docket No. 55]). More specifically, Count 2 alleges that on July 15, 2020, Defendant, "for the purpose of executing the aforementioned scheme and artifice, and attempting to so," "used, or caused to be used, the mail in furtherance of, or in an attempt to carry out, some essential step in the scheme, to wit: sending a letter to VA requesting records in order to continue his efforts to obtain VA benefits following the Termination of Benefits, all in violation of Title 18, United States Code, Section 1341." (Superseding Indictment [Docket No. 55]).

In Count 3 of the Superseding Indictment, Defendant is charged with one count of False Military Discharge Certificate. (Superseding Indictment [Docket No. 55]). Count 3 alleges that on July 15, 2020, Defendant, "did forge, counterfeit, and falsely alter a certificate of discharge from the United Stats Marine Corps, namely a falsified DD Form 214, and did use, unlawfully possess, and exhibit such certificate, knowing the same to be forged, counterfeited, and falsely

altered, all in violation of Title 18, United States Code, Section 498." (Superseding Indictment [Docket No. 55]).

Lastly, Count 4 of the Superseding Indictment, charges Defendant with one count of Fraudulent Use of Military Medals. (Superseding Indictment [Docket No. 55]). In Count 4, the Government alleges that on July 15, 2020, Defendant, "with intent to obtain money, property, and other tangible benefits, did fraudulently hold himself out to be the recipient of a Purple Heart, the Prisoner of War Medal, the Marine Good Conduct , [sic] the National Defense Service Medal, and the Navy and Marine Overseas Service Ribbon, and the Iraq Campaign Medal, all in violation of Title 18, United States Code, Section 704(b) and (d)(1)." (Superseding Indictment [Docket No. 55]).

## II.     Defendant's Motion to Dismiss. [Docket No. 72].

Defendant now moves the Court for an Order dismissing the Superseding Indictment. (Mot. [Docket No. 72]). In support of this request, Defendant argues that Count 1 should be dismissed because it violates his First Amendment rights; that Counts 2, 3, and 4 should be dismissed because each Count violates his constitutional rights as secured by the First and Fifth Amendments to the United States Constitution; and that Count 4 should be dismissed because it charges conduct which has not been criminalized. (Def.'s Mot. [Docket No. 72] at 6–17). Defendant also argues that the Superseding Indictment should be dismissed in its entirety because the Seretary of Veterans Affairs has exclusive authority over the allegations of fraud related to obtaining benefits from the Department of Veterans Affairs. (Id. at 17–19).

For the reasons discussed below, the Court finds each of Defendant's arguments to be unpersuasive.

### A. Standard of Review

Under the Federal Rules of Criminal Procedure, an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). To be legally sufficient on its face, an indictment must "contain[] all of the essential elements of the offense charged, fairly inform[] the defendant of the charges against which he must defend, and allege[] sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution." United States v. Hernandez, 299 F.3d 984, 992 (8th Cir. 2002) (quoting United States v. Fleming, 8 F.3d 1264, 1265 (8th Cir. 1993)). Ordinarily, an indictment is sufficient "unless it is so defective that it cannot be said, by any reasonable construction, to charge the offense for which the defendant was convicted." Id. (quoting Fleming, 8 F.3d at 1265). "An indictment is normally sufficient if its language tracks the statutory language." United States v. Sewell, 513 F.3d 820, 821 (8th Cir. 2008).

### B. Discussion

As observed above, Defendant seeks an Order of this Court dismissing all Counts in the Superseding Indictment. The Court discusses the Counts in the Superseding Indictment and Defendant's arguments in turn.

#### 1. Count 1

The Court finds that Count 1 of the Superseding Indictment is legally sufficient under Rule 7(c)(1) of the Federal Rules of Criminal Procedure. Count 1 alleges that Defendant "knowingly devised and intended to devise a scheme and artifice to defraud, and for obtaining money and property by materially false and fraudulent pretense, representations, and promises." (Superseding Indictment [Docket No. 55]). Count 1 goes on to allege that that Defendant, "for the purpose of executing the aforementioned scheme and artifice, and attempting to so," "did

4

knowingly transmit and cause to be transmitted through interstate commerce the following by means of wire communication, writing, signs, and signals, to wit: a Facebook message to a veteran requesting a letter in support of [Defendant's] continued efforts to obtain VA benefits following the Termination of Benefits, all in violation of Title 18, United States Code, Section 1343." (Superseding Indictment [Docket No. 55]). The language of Count 1 tracks the language of 18 U.S.C. § 1343. Because Count 1 tracks the language of 18 U.S.C. §1343, Count 1 contains all the essential elements of the charge, and Count 1 is thus legally sufficient. See, e.g., United States v. Sewell, 513 F.3d 820, 821 (8th Cir. 2008).

Defendant unpersuasively argues that Count 1 of the Superseding Indictment should be dismissed because the prosecution of the conduct alleged in Count 1 violates Plaintiff's First Amendment right to "freedom of speech" and his First Amendment right to "petition the government for a redress of grievances." (Def.'s Mot. [Docket No. 72] at 6–8). Defendant's argument misconstrues the alleges in Count 1 by asserting that Count 1 is an attempt to criminalize the fact that he appealed an adverse agency action, to wit, the United States Department of Veterans Affairs cessation of the benefits which Defendant had been receiving. However, Count 1 does not allege that it was criminal conduct for Defendant to appeal an adverse agency decision. Instead, Count 1 charges Defendant based on the allegation that Defendant used interstate commerce in his attempts to receive benefits through fraudulent means. It is the allegedly fraudulent nature of the conduct which underlies Count 1.

Even assuming solely for the sake of argument that Defendant's alleged conduct in Count 1 constitutes his engagement in activity protected by the First Amendment, dismissal of Count 1 is not appropriate because Defendant is alleged to have engaged in such activity in a fraudulent nature, and "the First Amendment does not shield fraud." Illinois, ex rel. Madigan v.

Telemarketing Assocs., Inc., 538 U.S. 600, 612 (2003); see Donaldson v. Read Mag., 333 U.S. 178, 180 (1948). There is a substantive and material difference between criminalizing the act of appealing a government agency's decision and criminalizing the use of fraud it that same process. See Republican Party of Minn., Third Cong. Dist. v. Klobuchar, No. 3-cv-966 (DWF/SRN), 2003 WL 21281658, at *5 (D. Minn. June 2, 2003) ("the Party's assertions of an injurys confuse the state's regulation of false representations about membership with the regulation of membership itself. There is a difference between criticizing membership decisions and criminalizing lies.") (citing Telemarketing Assocs., 538 U.S. at 612), aff'd, 381 F.3d 785 (8th Cir. 2004). Defendant argument here fails to recognize that difference.

Defendant also argues that Count 1 should be dismissed because the Seretary of Veterans Affairs has exclusive authority over the allegations of fraud in the Superseding Indictment which related to procuring benefits from the Department of Veterans Affairs. (See Def.'s Mot. [Docket No. 72] at 17–19).[1] In support of this argument, Defendant relies on civil cases in which Courts have "refused jurisdiction" because the exercise of jurisdiction over a claim would require the Court to "second-guess the decision of the Secretary regarding a decision on benefits." (Id. at 18 (citing Jones v. United States, 727 F.3d 844, 847 (8th Cir. 2013)). Defendant's argument is unavailing.

Defendant's argument again misconstrues the Government's allegations in the Superseding Indictment because Defendant's argument implies that the resolution of the allegations in Count 1 will require the fact finder to revisit or "second-guess" the decision of the Secretary regarding Defendant's application for benefits. As explained above, the relevant criminal conduct alleged in Count 1 is Defendant's alleged use of fraud to obtain benefits from

---

[1] Defendant raises this same argument in support of his request to dismiss Counts 2, 3, and 4. (See Id. at 6–17). For the same reasons discussed here, Defendant's argument fails as to Counts 2, 3, and 4 as well.

the Department of Veterans Affairs following the termination of his initial benefits. (Superseding Indictment [Docket No. 55]). The Secretary's decision regarding Defendant's request for benefits has no relevancy to the allegedly criminal conduct in Count 1; instead, it is the alleged fraud which is relevant. See United States v. Roberts, 534 F.3d 560, 568 (7th Cir. 2008) ("criminal prosecution is independent of the administrative review process"); United States v. Henderson, 416 F.3d 686, 691 (8th Cir. 2005). Moreover, Courts routinely adjudicate criminal cases alleging a defendant fraudulently schemed to obtain benefits from government agencies, including the Department of Veteran Affairs. See, e.g., Roberts, 534 F.3d at 568; United States v. Brown, 948 F.2d 1076, 1079 (8th Cir. 1991).

The Eighth Circuit Court of Appeals has in fact rejected the same argument Defendant raises here when the argument was previously raised in a case involving a defendant charged with defrauding the Social Security Administration. See Henderson, 416 F.3d at 691. The Court reasoned that contrary to the argument raised, "the jury was not asked to measure [the defendant's] eligibility against [Social Security Adminstrtation's] regulations, but to decide whether [defendant] misrepresented or omitted material facts to SSA." Id. The reasoning of Henderson applies equally to this case, and it precludes Defendant's argument here.

Therefore, to the extent Defendant's Motion to Dismiss, [Docket No. 72], seeks an Order of this Court dismissing Count 1 of the Superseding Indictment, the undersigned recommends that Defendant's Motion to Dismiss, [Docket No. 72], be **DENIED**.

    **2. Counts 2, 3, and 4**

The Court finds that Counts 2, 3, and 4 of the Superseding Indictment are legally sufficient under Rule 7(c)(1) because each Count tracks the language of the charging statue. Sewell, 513 F.3d at 821. Count 2 alleges that Defendant, "for the purpose of executing the

7

aforementioned scheme and artifice, and attempting to so," "used, or caused to be used, the mail in furtherance of, or in an attempt to carry out, some essential step in the scheme, to wit: sending a letter to VA requesting records in order to continue his efforts to obtain VA benefits following the Termination of Benefits," (Superseding Indictment [Docket No. 55]), which tracks the language of 18 U.S.C. § 1341. Count 3, tracking the language of 18 U.S.C. § 498, alleges that Defendant, "did forge, counterfeit, and falsely alter a certificate of discharge from the United Stats Marine Corps, namely a falsified DD Form 214, and did use, unlawfully possess, and exhibit such certificate, knowing the same to be forged, counterfeited, and falsely altered[.]" (Superseding Indictment [Docket No. 55]). Count 4 of the Superseding Indictment alleges that Defendant, "with intent to obtain money, property, and other tangible benefits, did fraudulently hold himself out to be the recipient of a Purple Heart, the Prisoner of War Medal, the Marine Good Conduct , [sic] the National Defense Service Medal, and the Navy and Marine Overseas Service Ribbon, and the Iraq Campaign Medal" which tracks the language of 18 U.S.C. § 704(b).

Defendant unconvincingly argues that Counts 2, 3, and 4 of the Superseding Indictment should be dismissed because he "had both liberty and property interest under the Fifth Amendment to the United States Constitution" and "a right under the First Amendment to petition the government for a redress of his grievances in order to protect those Fifth Amendment interests." (Def.'s Mot. [Docket No. 72] at 9).[2] As explained above, however, the Superseding Indictment does not, as Defendant asserts here, seek to criminalize the fact that Defendant petitioned the Government for benefits in which he believed he had an interest. Instead, the

---

[2] Notably, Defendant does not argue that the charging statute for any Count in the Superseding Indictment is facially unconstitutional. (See Id.). In fact, Defendant never even actually asserts that the charging statutes are unconstitutional as applied to him. (See Id.). Instead, he merely argues that the Superseding Indictment should be dismissed because the Superseding Indictment—not the charging statutes—violate his constitutional rights. (See Id. at 15 (asserting that the "indictment violates the Constitutional [sic] prohibition against prohibiting petitioning for redress of grievances")).

Superseding Indictment charges Defendant based on the allegation that he undertook those action using fraudulently criminal means. Specifically, Count 2 alleges that he pursued redress through fraudulent means and used the mail in furtherance of that fraud. Count 3 alleges that, in seeking his alleged redress, Defendant falsified a military discharge certificate, and Count 4 alleges that Defendant pursued redress from the Government while fraudulently holding himself out as being the recipient of military medals, including the Purple Heart.

Defendant also argues that Count 4 of the Superseding Indictment should be dismissed because it criminalizes conduct which Congress has not criminalized. (Def.'s Mot. [Docket No. 72] at 16–17). In support of this argument, Defendant asserts that of "the awards listed in Count 4 of the Superseding Indictment 'the Prisoner of War Medal, the Marine Good Conduct [Medal], the National Defense Service Medal, the Navy and Marine Corps Overseas Service Ribbon, and the Iraq Campaign Medal' are not included in the specific list of awards the misuse of which Congress has deemed subject to criminal liability." (Id. at 17 (brackets in Def.'s Mot.)). Defendant asserts that only the Purple Heart award referenced in Count 4 is included in the list of awards to which the charging statute is applicable. (Id.). Defendant further asserts that the inclusion of these other awards indicates that the "Government made a material misstatement of the law as it stands to the grand jury when seeking the Superseding Indictment" which requires dismissal of the Superseding Indictment. (Id.).

The Court is not convinced by Defendant's argument here. Although Defendant is correct that the Purple Heart award appears to be the only award listed in Count 4 which is also listed in the charging statute, that does not warrant dismissal of Count 4. At worst, the language in Count 4 describing the awards other than the Purple Heart is surplusage which is not needed in Count 4. However, the inclusion of this surplusage may be disregarded because, as discussed above, the

other allegations in Count 4 are legally sufficient under Rule 7(c)(1). See, e.g., United States v. McIntosh, 23 F.3d 1454, 1457 (8th Cir. 1994); United States v. Wells, 127 F.3d 739, 743 (8th Cir. 1997) (citing McIntosh). "A court may ignore independent and unnecessary allegations in an indictment." McIntosh, 23 F.3d at 1457 (citing United States v. Miller, 471 U.S. 130, 144 (1985)). Even assuming solely for the sake of argument that the language listing the awards other than the Purple Heart in Count 4 is surplusage, its inclusion does not warrant dismissal of Count 4. See, e.g., United States v. Cartwright, No. 22-cr-81, 2024 WL 837030, at *7 (D.N.D. Feb. 28, 2024); McIntosh, 23 F.3d at 1457; Wells, 127 F.3d at 743.

Therefore, to the extent Defendant's Motion to Dismiss, [Docket No. 72], seeks an Order of this Court dismissing Counts 2, 3, and 4 of the Superseding Indictment, the undersigned recommends that Defendant's Motion to Dismiss, [Docket No. 72], be **DENIED**.

### III. Conclusion

Therefore, based on the foregoing and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT** Defendant's Motion to Dismiss, [Docket No. 72], be **DENIED**.

Dated: September 29, 2025                         s/ Leo I. Brisbois
                                                  Hon. Leo I. Brisbois
                                                  U.S. MAGISTRATE JUDGE

### N O T I C E

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "A party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served with a copy of the recommended disposition[.]" A party may respond to those objections within

14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.