UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

United States of America,   File No. 24-cr-0090 (JMB/LIB)

    Plaintiff,

v.   **ORDER ACCEPTING REPORT AND RECOMMENDATION**

Mikhail Robin Wicker,

    Defendant.

---

This case is before the Court on a Report and Recommendation (R&R) issued by Magistrate Judge Leo I. Brisbois. (Doc. No. 84.) Magistrate Judge Brisbois recommends denying Defendant Wicker's pretrial Motion to Dismiss the Superseding Indictment (Doc. No. 72) in this case because Wicker's arguments mischaracterize and misunderstand the allegations being brought in the Superseding Indictment. (Doc. No. 84.)

For the reasons discussed herein, the Court overrules Wicker's objections, adopts the R&R, and denies Wicker's Motion to Dismiss the Superseding Indictment.

## BACKGROUND

The factual background for this matter is set forth in the R&R and is incorporated here by reference. Because the R&R provides a detailed history, the Court only briefly summarizes it here.

The Government alleges that Wicker fraudulently applied for and received benefits from the Department of Veteran Affairs (VA) by falsely holding himself out as a highly dedicated veteran of the United States Marine Corps. (Doc. No. 55.) Additionally, the Government alleges that even after the VA terminated Wicker's benefits, he continued his

alleged scheme in an effort to reobtain benefits. (*Id.* at 7–8.) The Government charged Wicker with four Counts: (1) Wire Fraud in violation of 18 U.S.C. § 1343; (2) Mail Fraud in violation of 18 U.S.C. § 1341; (3) False Military Discharge Certificate in violation of 18 U.S.C. § 498; (4) Fraudulent Use of Military Medals in violation of 18 U.S.C. § 704(b) and § 704(d). (*Id.*)

## DISCUSSION

When a party objects to the R&R, the Court is required to undertake de novo review. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3); D. Minn. L.R. 72.2(b). In his Objection, Wicker argues that the Superseding Indictment should be dismissed in its entirety because the Secretary of Veteran Affairs has exclusive authority over the allegations of fraud related to obtaining benefits from the VA. (Doc. No. 72 at 17–19.) Wicker also argues that Count 1 should be dismissed because it violates his First Amendment rights, and that Counts 2, 3, and 4 should be dismissed because they violate his First and Fifth Amendment rights.[1]

The Court overrules Wicker's objections because the Superseding Indictment does not require this Court to review a decision of the Secretary of Veteran Affairs awarding VA benefits and because the First and Fifth Amendments do not protect Wicker from the charges in the Superseding Indictment.[2]

---

[1] In his Motion to Dismiss the Superseding Indictment, Wicker also argued that Count 4 should be dismissed. (Doc. No. 72 at 6–17.) The Magistrate Judge recommended denying this request. (Doc. No. 84 at 9–10.) Wicker made no objection to this portion of the R&R, and, after a de novo review, the Court concurs with the Magistrate Judge's analysis.

[2] Wicker requested oral argument. (Doc. No. 86 at 1.) Because the parties thoroughly briefed the objections, no oral argument is necessary, and this request is denied.

2

Wicker relies on *Jones v. United States* for his argument that the Court lacks jurisdiction over this matter, because doing so would require the Court to improperly second-guess a decision of the Secretary of Veteran Affairs concerning benefits. (Doc. No. 72 at 18; Doc. No. 86 at 2–4.) In *Jones*, the Eighth Circuit held that "the district court does not have jurisdiction over a benefits claim once the Secretary decides under a law affecting benefits." *Jones v. United States*, 727 F.3d 844, 847 (8th Cir. 2013). Therefore, the question is whether the Counts in the Superseding Indictment would require the Court to review a VA benefits determination. *Newcombe v. United States*, 933 F.3d 915, 917 (8th Cir. 2019). As the R&R points out, however, none of the Counts charged in the Superseding Indictment are benefits claims, and the VA Secretary's decision regarding Wicker's request for benefits has "no relevancy" to the alleged criminal conduct in this case. (Doc. No. 84 at 6–7.) The Counts in the Superseding Indictment neither seek to affect the provision of benefits to Wicker, nor do they seek to review the decision by the VA Secretary as to Wicker's benefits. Rather, the Superseding Indictment alleges Wicker violated federal criminal law by requesting benefits, which does not require administrative review of any decision to award Wicker veterans' benefits. (*See* Doc. No. 84; Doc. No. 55.) The Court overrules Wicker's objection and concludes that it can properly exercise jurisdiction over the charges in the Superseding Indictment.

Wicker also argues that Count 1 should be dismissed because it violates his First Amendment rights and Counts 2, 3, and 4 should be dismissed because they violate his First and Fifth Amendment rights. (Doc. No. 72 at 6–17.) However, all of Wicker's arguments misconstrue the allegations in the Superseding Indictment as criminalizing his

3

appeal of the VA's cessation of his benefits.  Contrary to Wicker's argument, the charges concern whether Wicker committed fraud.  Wicker directs this Court to no binding authority—and the Court is aware of none—for the proposition that the Constitution protects obtaining benefits through criminally fraudulent means or appealing the cessation of benefits obtained through criminally fraudulent means.  (Doc. No. 72 at 6–15; Doc. No. 84 at 4–10.)  The Court overrules Wicker's objection and concludes that the Constitution does not compel dismissal of the charges in the Superseding Indictment.

Therefore, based upon all of the files, records, and proceedings in the above-captioned matter, IT IS HEREBY ORDERED THAT:

1. The Objections to the Report and Recommendation (Doc. No. 86) are OVERRULED.

2. The Report and Recommendation (Doc. No. 84) is ADOPTED in full.

3. Defendant's Motion to Dismiss the Superseding Indictment (Doc. No. 72) is DENIED.

Dated:  October 23, 2025                     /s/ *Jeffrey M. Bryan*
                                             Honorable Jeffrey M. Bryan
                                             United States District Court