**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| United States of America, | Case No. 24-CR-0090 (JMB/LIB) |
| Plaintiff, | |
| v. | **FINAL JURY INSTRUCTIONS** |
| Mikhail Robin Wicker,<br>  a/k/a "Michael Robin Wicker", | |
| Defendant. | |

---

### JURY INSTRUCTION NO. 1
Model Criminal Jury Instructions for the Eighth Circuit, § 3.01 (2023)

Members of the jury, the instructions I gave you at the beginning of the trial and during the trial remain in effect. I will now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now. You must not single out some instructions and ignore others, because all are important. This is true even though some of those I gave you at the beginning of or during trial are not repeated here.

The instructions I am about to give you now are in writing and will be available to you in the jury room. I emphasize, however, that this does not mean they are more important than my earlier instructions. Again, all instructions, whenever given and whether in writing or not, must be followed.

### JURY INSTRUCTION NO. 2
Model Criminal Jury Instructions for the Eighth Circuit, § 3.02 (2023)

It is your duty to find from the evidence what the facts are. You will then apply the law, as I give it to you, to those facts. You must follow my instructions on the law, even if you thought the law was different or should be different.

1

You should not be influenced by any person's race, color, ethnicity, national origin, religion, gender, gender identity, sexual orientation, disability, or economic circumstances. You must decide the case solely on the evidence and the law before you and must not be influenced by any personal likes or dislikes, opinions, prejudices, sympathy, or biases, including unconscious bias. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may express without conscious awareness, control, or intention. Like conscious bias, unconscious bias, too, can affect how we evaluate information and make decisions.

Do not allow sympathy or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

**JURY INSTRUCTION NO. 3**
Model Criminal Jury Instructions for the Eighth Circuit, § 3.03 (2023)

I have mentioned the word "evidence." The "evidence" in this case consists of the testimony of witnesses the documents and other things received as exhibits.

You may use reason and common sense to draw deductions or conclusions from facts which have been established by the evidence in the case.

Certain things are not evidence. I shall list those things again for you now:

1. Statements, arguments, questions, and comments by lawyers representing the parties in the case are not evidence.

2. Objections are not evidence. Lawyers have a right to object when they believe something is improper. You should not be influenced by the objection. If I sustained an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

3. Testimony that I struck from the record, or told you to disregard, is not evidence and must not be considered.

4.  Anything you saw or heard about this case outside the courtroom is not evidence.

Finally, if you were instructed that some evidence was received for a limited purpose only, you must follow that instruction.

**JURY INSTRUCTION NO. 4**
Model Criminal Jury Instructions for the Eighth Circuit, § 1.03 (2023)

Some of you may have heard the terms "direct evidence" and "circumstantial evidence." You are instructed that you should not be concerned with those terms. The law makes no distinction between direct and circumstantial evidence. You should give all evidence the weight and value you believe it is entitled to receive.

**JURY INSTRUCTION NO. 5**
Model Criminal Jury Instructions for the Eighth Circuit, § 3.04 (2023)

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, consider the witness's intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness's memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things. You need to consider therefore whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

You should judge the testimony of Mr. Wicker in the same manner as you judge the testimony of any other witness.

**JURY INSTRUCTION NO. 6**

You have heard evidence in this case related to actions, findings, and decisions made by the U.S. Department of Veteran's Affairs relating to Mr. Wicker. These prior actions, findings, and decisions, by the VA are not binding upon you in this case. You are not to consider any of the VA's decisions, or their outcomes, when determining whether the Government has proven Mr. Wicker guilty of the alleged offenses.

**JURY INSTRUCTION NO. 7**

You have heard evidence that Mr. Wicker has two prior criminal convictions, one which was from 2003 and the other in 2005. Mr. Wicker is not on trial for any offense other than those charged in the Indictment. You may only consider this evidence for the purpose of deciding whether the Government has established beyond a reasonable doubt each of the essential elements of the charged offenses in this case.

**JURY INSTRUCTION NO. 8**
Model Criminal Jury Instructions for the Eighth Circuit, § 4.10 (2023)

You have heard testimony from persons described as experts. Persons who, by knowledge, skill, training, education or experience, have become expert in some field may state their opinions on matters in that field and may also state the reasons for their opinion.

Expert testimony should be considered just like any other testimony. You may accept or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, the acceptability of the methods used, and all the other evidence in the case.

**JURY INSTRUCTION NO. 9**
Model Criminal Jury Instructions for the Eighth Circuit, § 4.12 (2023)

You will remember that a chart was admitted in evidence. You may use Government's Exhibit F-1 as evidence, even though the underlying documents and records are not here. It is for you to decide how much weight, if any, you will give to them.

**JURY INSTRUCTION NO. 10**

O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, § 12.07 (6th ed.)

If any reference by the Court or by counsel to matters of testimony or exhibits does not coincide with your own recollection of that evidence, it is your recollection which should control during your deliberations and not the statements of the Court or of counsel.

You are the sole judges of the evidence received in this case.

**JURY INSTRUCTION NO. 11**

Model Criminal Jury Instructions for the Eighth Circuit, § 3.06 (2023); O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, § 12.13 (6th ed.)

The Indictment in this case charges Mr. Wicker with four total counts: one count of wire fraud, one count of mail fraud, one count of using, unlawfully possessing, and exhibiting a false military discharge certificate, and one count of falsely representing oneself being awarded a military decoration or medal. Mr. Wicker has pleaded not guilty to each of these charges.

The Indictment is simply the document that formally charges Mr. Wicker with the crimes for which he is on trial. The Indictment is not evidence. At the beginning of the trial, I instructed you that you must presume Mr. Wicker to be innocent. Thus, Mr. Wicker began the trial with a clean slate, with no evidence against him.

The presumption of innocence alone is sufficient to find Mr. Wicker not guilty and can be overcome as to each charge only if the Government proves, beyond a reasonable doubt, each element of a crime charged.

Keep in mind that each count charges a separate crime. You must consider each count separately, and return a separate verdict for each count. The fact that you find Mr. Wicker guilty or not guilty of one of the offenses charged should not control your verdict as to any other offense charged against him.

There is no burden on Mr. Wicker to prove that he is innocent. Instead, the burden of proof remains on the Government throughout the trial.

**JURY INSTRUCTION NO. 12**

Model Criminal Jury Instructions for the Eighth Circuit, § 3.14 (2023)

The Indictment charges the offense was committed "on or about" certain dates. The Government must prove that the offense happened reasonably close to that date or timeframe, but is not required to prove the alleged offense happened on that exact date.

**JURY INSTRUCTION NO. 13**

The Indictment charges as follows:

### COUNT 1
(Wire Fraud)—Model Criminal Jury Instructions for the Eighth Circuit, § 6.18.1343 (2023)

The crime of wire fraud, as charged in Count One of the Indictment, has three elements, which are:

*One*, Mr. Wicker voluntarily and intentionally devised, made up, or participated in a scheme to defraud another out of money or property by means of material false representations or promises;

*Two*, Mr. Wicker did so with the intent to defraud;

*Three*, Mr. Wicker used, or caused to be used, an interstate wire communication, that is, an interstate communication using the Internet or a wire transfer of funds, in furtherance of, or in an attempt to carry out, some essential step in the scheme; and

The phrase "scheme to defraud" includes any plan or course of action intended to deceive or cheat another out of money or property by employing material falsehoods, concealing material facts, or omitting material facts. It also means the obtaining of money or property from another by means of material false representations or promises. A scheme to defraud need not be fraudulent on its face but must include some sort of fraudulent misrepresentation or promise reasonably calculated to deceive a reasonable person.

A statement or representation is "false" when it is untrue when made or effectively conceals or omits a material fact.

6

A fact, falsehood, representation, or promise is "material" if it has a natural tendency to influence, or is capable of influencing, the decision of a reasonable person in deciding whether to engage or not to engage in a particular transaction. However, whether a fact, falsehood, representation, or promise is "material" does not depend on whether the person was actually deceived.

To act with "intent to defraud" means to act knowingly and with the intent to deceive someone for the purpose of causing some financial loss or loss of property to another or bringing about some financial gain to oneself or another to the detriment of a third party. With respect to false statements, Mr. Wicker must have known the statement was untrue when made or have made the statement with reckless indifference to its truth or falsity.

It is not necessary that the use of an interstate communication using the Internet or a wire transfer of funds by Mr. Wicker himself be contemplated or that Mr. Wicker himself completed the communication using the Internet or the wire transfer of funds. It is sufficient if an interstate communication using the Internet or wire transfer of funds was in fact used or sent to carry out the scheme and the use of an interstate communication using the Internet or wire transfer of funds by someone was reasonably foreseeable.

Each separate use of an interstate wire communication in furtherance of the scheme to defraud constitutes a separate offense.

Interstate wire communications which are designed to lull victims into a false sense of security, postpone inquiries or complaints, or make the transaction less suspect are wire communications in furtherance of the scheme.

It is not necessary that the Government prove all of the details alleged in the Indictment concerning the precise nature and purpose of the scheme, that the interstate communication using the Internet or the wire transfer of funds was itself false or fraudulent, that the alleged scheme actually succeeded in defrauding anyone, or that the use of an interstate communication using the Internet or wire transfer of funds was intended as the specific or exclusive means of accomplishing the alleged fraud.

It is not necessary that the Government prove that the interstate communication using the Internet or the wire transfer of funds was an essential part of the scheme. An

interstate communication using the Internet or wire transfer of funds may be routine or sent for a legitimate purpose so long as it assists in carrying out the fraud.

## COUNT 2
(Mail Fraud) —Model Criminal Jury Instructions for the Eighth Circuit, § 6.18.1341 (2023)

The crime of mail fraud, as charged in Count Two of the Indictment, has three elements, which are:

*One*, Mr. Wicker voluntarily and intentionally devised, made up, or participated in a scheme to defraud another out of money or property by means of material false representations or promises;

*Two*, Mr. Wicker did so with the intent to defraud; and

*Three*, Mr. Wicker used, or caused to be used, an interstate wire communication, that is, an interstate communication using the Internet or a wire transfer of funds, in furtherance of, or in an attempt to carry out, some essential step in the scheme.

The phrase "scheme to defraud" includes any plan or course of action intended to deceive or cheat another out of money or property by employing material falsehoods, concealing material facts, or omitting material facts. It also means the obtaining of money or property from another by means of material false representations or promises. A scheme to defraud need not be fraudulent on its face but must include some sort of fraudulent misrepresentation or promise reasonably calculated to deceive a reasonable person.

A statement or representation is "false" when it is untrue when made or effectively conceals or omits a material fact.

A falsehood or representation promise is "material" if it has a natural tendency to influence, or is capable of influencing, the decision of a reasonable person in deciding whether to engage or not to engage in a particular transaction. However, whether a falsehood or representation is "material" does not depend on whether the person was actually deceived.

To act with "intent to defraud" means to act knowingly and with the intent to deceive someone for the purpose of causing some financial loss or loss of property to another or bringing about some financial gain to oneself or another to the detriment of a third party. With respect to false statements, Mr. Wicker must have known the statement was untrue when made or have made the statement with reckless indifference to its truth or falsity.

The term "property rights," as used in the mail fraud statute, includes intangible as well as tangible property rights. It includes any property right which has a value—not necessarily a monetary value—to the owner of the property right. For example, a scheme to deprive a company of the exclusive use of confidential business information obtained by the employees would be a scheme to deprive the company of intangible property rights.

It is not necessary that the use of the mail by the participants themselves be contemplated or that Mr. Wicker do any actual mailing or specifically intend that the mail be used. It is sufficient if the mail was in fact used to carry out the scheme and the use of the mail by someone was reasonably foreseeable.

Mailings which are designed to lull victims into a false sense of security, postpone inquiries or complaints, or make the transaction less suspect are mailings in furtherance of the scheme.

Each separate use of the mail in furtherance of the scheme to defraud constitutes a separate offense.

It is not necessary that the prosecution prove all of the details alleged in the Indictment concerning the precise nature and purpose of the scheme or that the alleged scheme actually succeeded in defrauding anyone, or that the use of the mail was intended as the specific or exclusive means of accomplishing the alleged fraud.

If you find proof beyond a reasonable doubt of a business custom (describe custom, e.g., to date stamp only items received through the mail), that is evidence from which you may, but are not required to, find or infer that the mail was used to deliver those items.

## **COUNT 3**
(False Military Discharge Certificate) —Title 18, United States Code, Section 498

Count Three of the Indictment charges Mr. Wicker with the crime of using, unlawfully possessing, and exhibiting a false military discharge certificate, knowing it was forged, counterfeited, or falsely altered. Count Three has two elements, which are:

*One*, Mr. Wicker used, unlawfully possessed, or exhibited a certificate of discharge, namely a DD Form 214, from the military of the United States; and

*Two*, Mr. Wicker did so knowing that the certificate of discharge was forged, counterfeited, or falsely altered.

## COUNT 4
(Fraudulent Use of Military Medals) —Title 18, United States Code, §§ 704(b) and 704(d), Model Criminal Jury Instructions for the Eighth Circuit, § 6.18.1341 (2023)

The crime of fraudulent use of military medals, as charged in Count Four of the Indictment, has four elements, which are:

*One,* Mr. Wicker held himself out as a recipient of medals awarded by Congress, to wit, the Purple Heart,

*Two,* Mr. Wicker did so knowing that holding himself out as a recipient of the medal was a false representation,

*Three,* Mr. Wicker made such representation with the intent to obtain money, property, or other tangible benefit.

*Four,* Mr. Wicker did so with the intent to defraud.

To act with "intent to defraud" means to act knowingly and with the intent to deceive someone for the purpose of causing a financial loss to another or for the purpose of bringing about some financial gain to oneself or another to the detriment of a third party. With respect to false statements, Mr. Wicker must have known the statement was untrue when made or have made the statement with reckless indifference to its truth or falsity.

**JURY INSTRUCTION NO. 14**
Model Criminal Jury Instructions for the Eighth Circuit, § 3.11 (2023)

Reasonable doubt is doubt based upon reason and common sense, and not doubt based on speculation. A reasonable doubt may arise from careful and impartial consideration of all the evidence, or from a lack of evidence. Proof beyond a reasonable doubt is proof of such a convincing character that a reasonable person, after careful consideration, would not hesitate to rely and act upon that proof in life's most important decisions. Proof beyond a reasonable doubt is proof that leaves you firmly convinced of Mr. Wicker's guilt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt.

**JURY INSTRUCTION NO. 15**

Model Criminal Jury Instruction for the Eighth Circuit, § 3.13 (2023); 18 U.S.C. § 3237(a)

The Government must prove it is more likely true than not true that Count 1 of Wire Fraud was begun, continued, or completed in the District of Minnesota. You decide these facts by considering all of the evidence and deciding what evidence is more believable. This is a lower standard than beyond a reasonable doubt. The requirement of proof of beyond a reasonable doubt applies to all other issues in the case.

**JURY INSTRUCTION NO. 16**

Model Criminal Jury Instructions for the Eighth Circuit, § 7.05 (2023)

Intent or knowledge may be proved like anything else. You may consider any statements made and acts done by Mr. Wicker, and all the facts and circumstances in evidence which may aid in a determination of Mr. Wicker's knowledge or intent.

You may, but are not required to, infer that a person intends the natural and probable consequence of acts done or knowingly omitted.

**JURY INSTRUCTION NO. 17**

Model Criminal Jury Instructions for the Eighth Circuit, § 9.08A (2023)

One of the issues in this case is whether Mr. Wicker acted in good faith. Good faith is a complete defense to the crime of mail or wire fraud if Mr. Wicker did not act with the intent to defraud, which is an element of the charge. The essence of the good faith defense

is that one who acts with honest intentions cannot be convicted of a crime requiring fraudulent intent.

Good faith includes, among other things, an opinion or belief that is honestly held, even if the opinion is in error or the belief is mistaken. However, even though a defendant honestly held a certain opinion or belief (such as a belief that a business venture would ultimately succeed, that investors would make a profit, or that investors would not lose money), a defendant does not act in good faith if he or she also knowingly made false or fraudulent representations or promises, or otherwise acted with the intent to defraud or deceive another. Proof of fraudulent intent requires more than proof that a defendant only made a mistake in judgment or management, or was careless.

The Government has the burden of proving beyond a reasonable doubt that Mr. Wicker acted with the intent to defraud. Evidence that Mr. Wicker acted in good faith may be considered by you, together with all the other evidence, in determining whether or not Mr. Wicker acted with the intent to defraud.

**JURY INSTRUCTION NO. 18**
Model Criminal Jury Instructions for the Eighth Circuit, § 3.12 (2023)

In conducting your deliberations and returning your verdict, there are certain rules you must follow. I will list those rules for you now.

*First*, when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without violence to individual judgment, because a verdict—whether guilty or not guilty—must be unanimous.
Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict.

*Third*, if Mr. Wicker is found guilty, the sentence to be imposed is my responsibility. You may not consider punishment in any way in deciding whether the Government has proved its case beyond a reasonable doubt.

*Fourth*, if you need to communicate with me during your deliberations, you may send a note to me through the court security officer, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone—including me—how your votes stand numerically.

*Fifth*, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions. The verdict, whether guilty or not guilty, must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

*Finally*, the verdict form is simply the written notice of the decision that you reach in this case. [The form reads: (read form)]. You will take this form to the jury room, and when each of you has agreed on the verdict, your foreperson will fill in the form, sign and date it, and advise the marshal or bailiff that you are ready to return to the courtroom.